IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TARA DONELSON                                                                                               PLAINTIFF

V.                                                                              CAUSE NO. 3:14-CV-155-CWR-FKB

DENNIS C. SWEET, ET AL.                                                                              DEFENDANTS

**ORDER**

Before the Court is the Mississippi Bar's motion to dismiss. Docket No. 50. The plaintiff did not respond to the motion within the allotted time and her requests for extensions were denied as futile. Having reviewed the arguments and applicable law, the Court concludes that the motion must be granted.

**I.     Background**

The facts and history of this matter need not be repeated here. *See* Docket No. 55. The heart of this case is the plaintiff's legal malpractice claim against the Sweet law firm. That legal malpractice claim remains pending. *Id.*

The present motion and Order concern only whether the plaintiff has stated a claim against the Mississippi Bar. The plaintiff's amended complaint alleges that the Mississippi Bar violated her constitutional due process rights and is therefore liable to her for $50 million. Docket No. 4, at 5-6. Her claim is brought under 42 U.S.C. § 1983, the federal statute which permits individuals to sue certain state actors for constitutional violations.

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted).

### III.     Discussion

Even assuming the truth of the plaintiff's allegations against the Mississippi Bar, as the Court must at this stage, they do not state a claim upon which relief can be granted.

"The Eleventh Amendment bars suits by private citizens against a state in federal court." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citation omitted). "[I]n the absence of consent a [federal court] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks and citation omitted); *see Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005). "[A] suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

In addition, States are not liable under 42 U.S.C. § 1983 because they are not considered "persons" under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Bryant*, 381 F. Supp. 2d at 592. "Section 1983 provides a federal forum to remedy many

deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

In other words, because (1) the Mississippi Bar is an arm of the State of Mississippi[1], and (2) the State of Mississippi is immune from suits like this brought in federal court, then (3) the Mississippi Bar is immune from this suit. As a result, the plaintiff's claims against the Bar must be dismissed.

**IV.    Conclusion**

The motion to dismiss is granted.

**SO ORDERED**, this the 7th day of January, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] It is well-established that the Mississippi Bar is an "arm" of the State. *Davis v. Mississippi*, 119 F.3d 4 (5th Cir. 1997) ("The State of Mississippi and the Mississippi Bar, as an 'arm' of the state, are absolutely immune from suit under the Eleventh Amendment.").